IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAHABA DISASTER RECOVERY, LLC | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| DRC EMERGENCY SERVICES, LLC, | ) |
| ALCENTRA CAPITAL CORPORATION, | ) |
| and FICTITIOUS PARTIES | ) |
| A, B, C, D, and E | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants DRC Emergency Services, LLC ("DRCES") and Alcentra Capital Corporation ("Alcentra," collectively the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the litigation captioned <u>Cahaba Disaster Recovery, LLC v. DRC Emergency Services, LLC, et al.</u>, No. 01-CV-2015-903953, originally filed in the Circuit Court of Jefferson County, Alabama (the "State Court Action"), to the United States District Court for the Northern District of Alabama, Southern Division.

Defendants represent the following in accordance with the requirements of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

03433572.1

**Background and Procedural Requirements**

1. Plaintiff Cahaba Disaster Recovery LLC ("Cahaba") filed the original complaint in the State Court Action on October 13, 2015. DRC Emergency Services, LLC ("DRCES") was served with summons and the original complaint by certified mail on October 21, 2015. Alcentra was served by certified mail on October 19, 2015.

2. Defendants have not answered or moved in response to the complaint. Defendants hereby reserve any and all rights to assert any and all defenses and/or objections to the complaint and/or amended complaint.

3. This Notice of Removal is timely as it is filed within thirty days of Defendants' receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process, as required by 28 U.S.C. § 1446(b); see also Bailey v. Janssen Pharmaceutica, Inc., 536 F.33d 1202 (11th Cir. 2008).

4. Pursuant to 28 U.S.C. § 1446(a), Defendants attach as **Exhibit A** hereto copies of the docket sheet and all process, pleadings, orders, and other documents from the state court's file.

**This Court Has Jurisdiction Under 28 U.S.C. § 1332**

5. According to the Complaint Plaintiff Cahaba is an Alabama limited liability company. (¶ 1) Stewart Fuzzell, Jr. is the sole member of Cahaba, according

to the records of the Alabama Secretary of State.  Declaration of Richard J. Davis, attached hereto as **Exhibit B**.  Fuzzell is a resident of Jefferson County Alabama, as he alleged in a separate suit against DRC and others, which is attached hereto as **Exhibit C**. Accordingly, Plaintiff is an Alabama citizen for diversity purposes.   See <u>Rolling Greens MHP, LP v. Comcast SCH Holdings LLC</u>, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that the citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members without reference to the state of its formation).

6. Defendant DRCES is a limited liability company.  DRCES is wholly owned by Seven Continents Holdings, LLLP ("Seven Continents").   <u>See</u> Declaration of Mark Stafford ("Stafford Decl.") ¶ 5, attached hereto as **Exhibit D**.  Seven Continents, in turn, has three limited partners: (1) 7CGP, LLC ("7CGP"); (2) Alcentra BDC Equity Holdings, LLC ("Alcentra BDC"); and (3) United Insurance Company of America.  <u>See</u> Declaration of Paul Echausse ¶ 5, attached hereto as **Exhibit E**.  The citizenship of these entities, respectively, is as follows:

- 7CGP is wholly owned by Alcentra BDC. <u>Id.</u> at ¶ 6.

- Alcentra BDC is wholly owned by Defendant Alcentra. <u>Id</u>. As discussed below, Defendant Alcentra is a Maryland corporation with

    its principal place of business in New York, New York. <u>Id.</u> at ¶ 4.

- United Insurance Company of America is an Illinois corporation with its principal place of business in Chicago, Illinois. <u>Id.</u> at ¶ 7.

Based on the foregoing, through the limited partners of its sole member, Seven Continents, DRCES is considered a citizen of Maryland, New York, and Illinois, but not Alabama, for diversity jurisdiction purposes. <u>See Rolling Greens</u>, <u>supra</u>, at 1021 (stating rule for limited partnerships as held in <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990)) and 1022 (extending rule to limited liability companies).

7. Defendant Alcentra is a Maryland corporation with its principal place of business in New York, New York. <u>Id.</u> at ¶ 4.

8. Because Plaintiffs and Defendants are citizens of different states, there is complete diversity of citizenship between the parties.

9. Plaintiffs are seeking damages in excess of $75,000. The Complaint alleges that Plaintiffs are entitled to over $2 million. <u>See</u> **Exhibit A**, Complaint ¶¶ 33, 44.

10. Because the amount in controversy exceeds $75,000 and the parties are completely diverse, this Court has original jurisdiction under 28 U.S.C. § 1332 and removal jurisdiction under 28 U.S.C. § 1441(a).

**Venue and Removal Under 28 U.S.C. § 1441(a)**

11. This Notice of Removal is properly filed in this District and Division pursuant to 28 U.S.C. § 1446(a) because the Northern District of Alabama, Southern Division, is the federal judicial district embracing the Circuit Court of Jefferson County, Alabama, in which the State Court Action was pending. 28 U.S.C. §§ 81(a)(3), 1441(a).

12. This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Northern District of Alabama has original subject matter jurisdiction under 28 U.S.C. § 1332.

**Effectuation of Removal**

13. Defendants hereby remove this action to the United States District Court for the Northern District of Alabama, Southern Division.

14. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

15. Copies of this Notice of Removal will be served upon counsel for the Plaintiffs and promptly filed with the Clerk of the Circuit Court of Jefferson County, Alabama.  28. U.S.C. § 1446(d).

16. If any question arises as to the propriety of the removal of this action, Defendants request an opportunity to present a brief and oral argument in support of their position.

17.  Defendants reserve the right to supplement this notice of removal.

WHEREFORE, because this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441, and because Defendants complied with the applicable procedures for removal specified in § 1446, removal of the above-styled case to this Court is appropriate.

Respectfully submitted,

/s/ Richard J. Davis

Richard J. Davis
Robert H. Fowlkes
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, Alabama 35203
Phone: 205.254.1000
Fax: 205.254.1999

*Counsel for Defendant Alcentra Capital Corporation*

/s/ Samuel H. Franklin

Samuel H. Franklin
Wesley B. Gilchrist
LIGHTFOOT FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Phone: 205.581-0700
Fax: 205.581.0799

*Counsel for Defendant DRC Emergency Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2015, the above and foregoing Notice of Removal was served via electronic mail and filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Andrew P. Campbell
John C. Guin
Yawanna McDonald
Campbell, Guin, Williams, Guy & Gidiere, LLC
505 20th Street North, Suite 1600
Birmingham, AL 35203
andrew.campbell@campbellguin.com
john.guin@campbellguin.com
yawanna.mcdonald@campbellguin.com

_____
Richard J. Davis